**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4523**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHRISTOPHER ALLEN HUNTER,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:06-cr-00251-LHT-DLH-2)

Submitted:  November 24, 2008      Decided:  December 19, 2008

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North
Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Allen Hunter entered a straight-up guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2006), and was sentenced to 200 months in prison. Counsel for Hunter has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that she has found no meritorious issues for appeal but asserting that Hunter did not receive effective assistance of counsel from his original trial counsel because he was not informed of a proposed plea agreement. Although Hunter was provided notice of his right to file a supplemental pro se brief, he has not done so, and the Government has declined to file a responsive brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have thoroughly reviewed the record and have found no meritorious issues for appeal. We find that the district court complied with the requirements of Fed. R. Crim. P. 11 when it accepted Hunter's guilty plea, ensuring that his plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. See Fed. R. Crim. P. 11(b).

We also conclude that Hunter's 200-month sentence is reasonable. See United States v. Hughes, 401 F.3d 540, 546-47

2

(4th Cir. 2005). We find that the district court correctly calculated Hunter's Guidelines range and that it was reasonable for the district court to depart downward from that range. See United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006) (holding that to determine an appropriate sentence, the district court should first calculate the appropriate Guidelines range and then determine "whether a departure is appropriate based on the Guidelines Manual or relevant case law"); United States v. Davenport, 445 F.3d 366, 370-71 (4th Cir. 2006) ("When we review a sentence outside the advisory guideline range--whether as a product of a departure or a variance--we consider both whether the district court acted reasonably with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range."). Because the district court considered the 18 U.S.C. § 3553(a) (2006) factors and sentenced Hunter to a sentence in the middle of the departed Guidelines range, we find Hunter's sentence to be reasonable.

Although Hunter contends he was denied effective assistance of counsel because he was never presented with a proposed plea agreement that would have resulted in a lower sentencing guidelines range, see United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (failing to inform defendant of plea offer was unreasonable assistance), because it does not

3

"conclusively appear on the record" that Hunter was denied effective assistance, this claim should be asserted by Hunter in a post-conviction motion under 28 U.S.C. § 2255 (2000) rather than on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) ("A claim of ineffective assistance of counsel should be raised by a habeas corpus motion under 28 U.S.C. § 2255 in the district court and not on direct appeal.") (internal quotation marks, brackets and citation omitted). During the plea colloquy, Hunter informed the district court that he discussed possible defenses with trial counsel and that he was entirely satisfied with his attorney's services. These declarations "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); see United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (holding that defendant's statement at Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea").

Moreover, although the Government indicated at sentencing that a plea agreement was sent to trial counsel prior to the Rule 11 hearing, a proposed plea agreement was never mentioned by the Government at the Rule 11 hearing, the Government could not produce a copy of the proposed plea agreement at sentencing, and it is unclear whether trial counsel ever received a plea agreement--assuming one existed--from the

4

Government.  Without evidence from trial counsel regarding his failure to present the proposed plea agreement to Hunter, consideration of this issue is premature.  See DeFusco, 949 F.2d at 120-21 ("[I]t would be unfair to adjudicate [an ineffective assistance claim] without any statement from counsel on the record.").

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hunter in writing of his right to petition the Supreme Court of the United States for further review.  If Hunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hunter.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED